| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| RHEASHAD LAMAR LOTT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:14-CV-176 |
| | § | |
| DIRECTOR, TDCJ-ID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Rheashad Lott, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied with prejudice.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Inmates charged with prison disciplinary offenses are entitled to certain procedural safeguards when the punishment imposed implicates a protected liberty interest. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). However, petitioner did not lose previously earned good

conduct time credits as a result of the disciplinary conviction. As a result, the magistrate judge concluded the punishment petitioner received did not implicate a protected liberty interest and that he was therefore not entitled to any procedural safeguards.

In his objections, petitioner states that as a result of the disciplinary conviction, he was denied the opportunity to be promoted to a classification in which he would earn more good conduct time credits. He asserts this punishment implicated a protected liberty interest. This assertion is incorrect. The effect that the accumulation of good conduct time credits may have on a prisoner's release is too speculative to afford him a constitutionally protected right to be classified in a particular good time-earning status. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

Petitioner further asserts there was insufficient evidence to support the conviction. Petitioner was convicted of tampering with the locking mechanism on the door of his cell. He states he should not have been convicted because his cell mate signed a written statement accepting responsibility for the tampering and stating petitioner had no involvement. However, as the punishment petitioner received did not implicate a protected liberty interest, his contention that there was insufficient evidence to support the conviction need not be considered. *Lineberry v. Federal Bureau of Prisons*, 443 F. App'x 6, 7 (5th Cir. 2011) (citing *Kentucky v. Department of Corrections v. Thompson*, 490 U.S. 454, 460-65 (1989)).

Moreover, there was sufficient evidence to support the conviction. Petitioner has provided a copy of the Disciplinary Report and Hearing Record concerning his disciplinary conviction. The offense description contained in the document indicates that the charging officer's report stated petitioner tampered with the locking mechanism by jamming paper into the mechanism.

The result of a prison disciplinary hearing will be upheld on federal habeas review so long as there was "some evidence" to support the conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 446 (1983). Information contained in a charging officer's report, standing alone, is sufficient to satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

The charging officer's report provided some evidence that petitioner tampered with the locking mechanism. The statement of petitioner's cell mate would have provided evidence that petitioner was not guilty of the tampering. However, weighing the evidence presented during a prison disciplinary hearing is left to the hearing officer, and a federal habeas court does not conduct an independent assessment of the evidence. *Hill*, 472 U.S. at 455-56. As there was some evidence to support petitioner's conviction, his claim of insufficient evidence is without merit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In order to make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised

in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 5th day of April, 2016.

                                                                             MARCIA A. CRONE
                                                                    UNITED STATES DISTRICT JUDGE